STATE of Minnesota, Appellant,

v.

**Brett David BORG, Respondent.**

No. A09–1921.

Court of Appeals of Minnesota.

Nov. 5, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Janice S. Jude, Mille Lacs County Attorney, Tara Christel Ferguson

Lopez, Assistant County Attorney, Milaca, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, MN, for respondent.

Considered and decided by JOHNSON, Chief Judge; PETERSON, Judge; and STAUBER, Judge.

## OPINION

STAUBER, Judge.

On appeal from an order reducing the amount of restitution by $337.10, the state argues that the district court erred by holding a restitution hearing, considering respondent's restitution challenges, and amending the restitution order, because respondent failed to challenge restitution within the 30–day time period allowed by Minn.Stat. § 611A.045 (2008). Respondent argues that the state's challenge is not reviewable by this court because the state is not entitled to appellate review of the restitution order. Because the rules of criminal procedure do not allow the state to obtain appellate review of a restitution order issued more than 90 days after sentencing, we dismiss the state's appeal.

## FACTS

In September 2008, a jury found respondent Brett David Borg guilty of third-degree criminal sexual conduct. A sentencing hearing was held on November 7, 2008, at which Borg was sentenced to 48 months in prison. Borg was also ordered to pay restitution at the sentencing hearing, but in order to finalize calculation the state was given additional time to submit the total restitution amount sought.

The state submitted a written request for restitution on November 12. The district court approved the amount requested, but noted that Borg had the right to request a hearing. This right is established pursuant to Minn.Stat. § 611A.045, subd. 3(b) (2008), which allows an offender to request a hearing within 30 days of receiving written notice of the amount of restitution requested. Borg then requested a restitution hearing after the statutorily prescribed 30–day period expired.

In February 2009, Borg filed a direct appeal challenging his conviction. Thereafter, the district court granted Borg's request for a restitution hearing. Specifically, the district court noted: "Due to substitution of attorney and delay in assigning a public defender, defendant is entitled to a restitution hearing even though requested outside the [thirty] days." The state subsequently asked the district court to reconsider, and both parties submitted further argument. After a hearing was held in May 2009, the district court issued an order on July 24, 2009, stating that the hearing was granted because of the "confusion inherent in changing attorneys." The court further awarded all of the restitution requested by the state, except for $337.10 that had been requested to cover expenses for the victim's family to attend trial.

The state appealed the order that reduced the amount of restitution by $337.10. This court subsequently released its opinion addressing the arguments raised in Borg's direct appeal. *State v. Borg,* 780 N.W.2d 8 (Minn.App.2010), *rev'd and remanded,* 806 N.W.2d 535 (Minn.2011). This court held that the district court erred by permitting a police officer "to testify about [Borg's] pre-counseled, pre-arrest, and pre-*Miranda* silence in the state's case-in-chief." *Id.* at 16. This court further held that "in light of the weakness in the state's case," the error was not harmless beyond a reasonable doubt. *Id.* Thus, the court reversed and

remanded for a new trial without addressing the remaining arguments raised by Borg. *Id.*

After the state petitioned for review of this court's decision reversing Borg's conviction, this court stayed the state's appeal in the restitution matter pending the outcome of Borg's direct appeal. *State v. Borg,* A09–1921 (Minn.App. May 24, 2010) (order). Thereafter, in a 4–3 decision, the supreme court reversed this court's decision on the conviction, stating that "[w]hen the government does nothing to compel a person who is not in custody to speak or to remain silent, . . . then the voluntary decision to do one or the other raises no Fifth Amendment issue." *State v. Borg,* 806 N.W.2d 535, 543 (Minn.2011). In regard to appellant's pre-arrest, pre-*Miranda* silence, the supreme court held that "if a defendant's silence is not in response to a choice compelled by the government to speak or remain silent, then testimony about the defendant's silence presents a routine evidentiary question that turns on the probative significance of that evidence." *Id.* (quotation omitted). The supreme court remanded the appeal from the conviction to this court "for consideration of Borg's remaining arguments." *Id.* at 548.

On remand from the supreme court, this court affirmed Borg's conviction after consideration of Borg's remaining arguments, and the supreme court denied review. *State v. Borg,* No. A09–243, 2012 WL 987273 (Minn.App. Mar. 26, 2012), *review denied* (Minn. June 19, 2012). We then issued an order on June 26, 2012, dissolving the stay of the state's appeal of the restitution order. *State v. Borg,* No. A09–1921 (Minn.App. June 26, 2012) (order).

## ISSUE

Is the state entitled to appellate review of the restitution order?

## ANALYSIS

As a threshold matter, Borg challenges the state's right to obtain appellate review of the restitution order. Borg's argument concerns the proper interpretation of a rule of court, which is reviewed de novo. *State v. Barrett,* 694 N.W.2d 783, 785 (Minn.2005).

The state's right to appeal in criminal matters is limited. *State v. Rourke,* 773 N.W.2d 913, 923 (Minn.2009). The appeal must be authorized by a statute or court rule, or the appealed issue must "arise by necessary implication from an issue where the state's right to appeal is expressly provided." *Id.* (citing *In re C.W.S.,* 267 N.W.2d 496, 498 (Minn.1978)). Rules governing appeals by the state are to be strictly construed. *See Barrett,* 694 N.W.2d at 785–87 (discussing appeal of pre-trial issue).

Generally, the state's right to appeal is governed by rule 28.04, subdivision 1, of the Minnesota Rules of Criminal Procedure, which describes seven types of district court decisions that may be appealed by the state as of right. *Id.* at 787; Minn. R.Crim. P. 28.04, subd. 1. The relevant parts of that rule provide that a "prosecutor may appeal as of right to the Court of Appeals: . . . (2) in felony cases, from any sentence imposed or stayed by the district court; [or] (3) in any case, from an order granting postconviction relief under Minn. Stat. ch. 590." Minn. R.Crim. P. 28.04, subd. 1(2), (3).

Borg acknowledges that the state may appeal a sentence. But he contends that a restitution order is distinct from the imposition of a sentence. Borg argues that because rule 28.04 does not expressly grant the state a right to appeal a restitution order, the state is not entitled to

appellate review of the restitution order. We agree.

Minnesota law provides that when a person is convicted of a felony, the district court "may sentence" the defendant to imprisonment, payment of a fine, or both. Minn.Stat. § 609.10, subd. 1 (2008). The district court may also order "payment of court-ordered restitution." *Id.* The statute indicates that restitution may not stand alone as a sentence, but it may be imposed "in addition to" imprisonment, a fine, or both. *Id.* And this court has recognized that " 'payment of court-ordered restitution' is part of a criminal 'sentence.' " *State v. Hughes,* 742 N.W.2d 460, 463 (Minn. App.2007), *aff'd* 758 N.W.2d 577 (Minn. 2008). Thus, the state is entitled to challenge restitution in an appeal from a sentence imposed by the district court. *See* Minn. R.Crim. P. 28.04, subd. 2(2) (stating that in felony cases, the state may appeal a sentence imposed by the district court).

However, although generally contemporaneous with sentencing, a final restitution order may be delayed beyond the date of imposition of sentence. *See* Minn.Stat. § 611A.04, subd. 1(b) (2008) (permitting a restitution order to be issued later when amount of restitution is not known at time of sentencing). Borg argues that when restitution is determined at a later date, the later-issued restitution order is distinct from a sentencing order, thereby negating the state's entitlement to seek appellate review of the restitution order. To support his claim, Borg relies on *Hughes,* in which the defendant pleaded guilty to aggravated robbery and was sentenced to 240 months imprisonment, which was an upward departure from the presumptive sentence. 758 N.W.2d at 579. The defendant was also ordered to pay restitution. *Id.* The United States Supreme Court decided *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), two

days before the amount of restitution was determined, but more than 90 days after the defendant received his executed sentence. *Id.* The defendant then petitioned for postconviction relief, arguing that he was entitled to the benefit of *Blakely* because his conviction was not final until the amount of restitution was determined. *Id.*

The supreme court held that the defendant's "sentence was imposed on March 19, 2004, when his sentence of incarceration and *general restitution obligation* was announced, and that his time for direct appeal expired 90 days later," which was before *Blakely* was decided. *Id.* at 581 (emphasis added). In reaching its decision, the court rejected the defendant's argument that his sentence was not stated in precise terms as required by Minn. R.Crim. P. 27.03, subd. 4(A), until the amount of restitution was determined. *Id.* at 580–81. The court stated that rule 27.03 "does not indicate that a sentence is imposed only when all terms are stated precisely," but instead provides that "a defendant has a right to have his imposed sentence stated 'in precise terms.' " *Id.* (quoting Minn. R.Crim. P. 27.03, subd. 4(A)). Thus, the court stated that the rule "controls the character, not the timing, of sentence imposition." *Id.* at 581.

We conclude that the decision in *Hughes* supports Borg's claim that the state is not entitled to appellate review of the restitution order. Under the Minnesota Rules of Criminal Procedure, both the state and a criminal defendant may appeal a sentence "within 90 days after judgment and sentencing." Minn. R.Crim. P. 28.05. But the supreme court in *Hughes* determined that a later-issued restitution order does not extend the 90–day time period that a defendant has to file a direct appeal from his sentence. 758 N.W.2d at 580–81. Although not expressly stated in *Hughes,* we

conclude that the same reasoning applies to the state.

 Here, Borg was sentenced on November 7, 2008. Both the state and Borg had 90 days from that date to file an appeal of the sentence. The state, however, did not file this appeal until after the restitution order was issued in July 2009, well after the 90 days to appeal the sentence had expired. Under *Hughes,* the later-issued restitution order did not extend the 90–day period during which the state had to appeal Borg's sentence. *See Hughes,* 758 N.W.2d at 580–81. Consequently, the state's appeal is not allowed as a sentencing appeal because it was taken from the restitution order and not from the imposition of Borg's sentence. Moreover, no specific rule or statute allows the state to appeal from a restitution order. *Cf.* Minn. R.Crim. P. 28.04, subd. 1 (defining when state may appeal a criminal case to this court). Therefore, because the rules governing appeals by the state are strictly construed, we conclude that the state is not entitled to obtain appellate review of the restitution order.

The state argues that "[i]f this court were to apply [Borg's] argument, ... it would lead to absurd results and appeals not ripe for filing." But the legislature has provided a specific procedure for challenging the amount of a restitution award, stating that "[a]n offender may challenge restitution, but must do so by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Minn.Stat. § 611A.045, subd. 3(b). And the statutes do not mention a procedure by which the state may challenge the amount of restitution. As the supreme court noted in *Hughes,* the "language of [Minn.Stat. § 611A.045, subd. 3(b)] suggests that the legislature contemplated a distinction between sentence imposition and restitution determinations when it devised the statutory restitution scheme." 758 N.W.2d at 581 n. 1. This distinction between sentence imposition and restitution determinations dictates that the state is not entitled to appellate review of the restitution order.

Because the state is not entitled to appellate review of the restitution order, we are precluded from addressing the state's claim that Borg's untimely challenge to the restitution order deprived the district court of authority to hear the challenge. Although we are precluded from reviewing a potentially erroneous decision regarding restitution, we are bound by the present state of the law and the rules of criminal procedure promulgated by the supreme court. An amendment to the rules reflecting the changes to the restitution statute would avoid this result.

## DECISION

 When restitution is ordered at sentencing, but the specific amount is determined later, the later-issued restitution order does not extend the 90–day period that a defendant or the state has to appeal from the sentence. Moreover, there is no specific rule or statute that allows the state to appeal from a restitution order. Therefore, because the restitution order in this case was issued after the 90–day period that the state had to appeal Borg's sentence, and there is no specific rule that allows the state to appeal from a restitution order, the state is not entitled to appellate review of the restitution order.

**Appeal dismissed.**