**STATE of Minnesota, Appellant,**

v.

**Brett David BORG, Respondent.**

**No. A09–1921.**

Supreme Court of Minnesota.

July 31, 2013.

Lori Swanson, Attorney General, Saint Paul, MN, Jan Jude, Mille Lacs County Attorney, Tara C. Ferguson Lopez, Assistant County Attorney, Milaca, Minnesota, for appellant.

David W. Merchant, Chief Appellate Public Defender, Michael W. Kunkel, Assistant State Public Defender, Saint Paul, Minnesota, for respondent.

Kelly O'Neill Moller, Executive Director, Minnesota Alliance on Crime, Saint Paul, Minnesota, for amicus curiae Minnesota Alliance on Crime.

## OPINION

PAGE, Justice.

This appeal by appellant State of Minnesota presents the question of whether the State is entitled to appellate review of an order amending the restitution portion of a sentence when the notice of appeal is filed more than 90 days after entry of the order initially imposing sentence, but within 90 days after the entry of the amended sentencing order. In September 2008, a jury found respondent Brett David Borg guilty of third-degree criminal sexual conduct. The trial court sentenced him to 48 months in prison. As part of the initial sentencing order, the court required Borg to pay restitution. Borg challenged the restitution amount, and the court issued an order amending the restitution portion of Borg's sentence on July 24, 2009, more than 90 days after entry of the order imposing Borg's initial sentence. The State appealed the amended sentencing order. The court of appeals dismissed the appeal as untimely because it was not filed within 90 days after the initial imposition of Borg's sentence. We hold that the issuance of an order amending the restitution portion of a sentence constitutes a "sentence imposed" within the plain language of Minn. R.Crim. P. 28.04, subd. 1(2), such that the State had 90 days to appeal the amended sentencing order from the date it was entered. Because the State appealed the amended sentencing order within 90 days, the appeal was timely. Therefore, we reverse and remand.

The facts of this case are undisputed. In September 2008, a jury found Borg guilty of third-degree criminal sexual conduct in violation of Minn.Stat. § 609.344, subd. 1(d) (2012). On November 7, 2008, Borg was sentenced to 48 months in prison. As part of the sentence, the trial court ordered restitution, but "[held] open" the amount so the parties could present

written arguments before it made a final restitution determination.

On November 12, the State requested $1,601.50 in restitution and $792.50 for costs of prosecution. The court granted the State's request, but noted that Borg had a right to request a hearing to challenge the amount. Minnesota Statutes § 611A.045, subd. 3(b) (2012), provides that "[a]n offender may challenge restitution, but must do so by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Section 611A.045, subdivision 3(b), also provides that a "defendant may not challenge restitution after the 30–day time period has passed."

Borg requested a hearing on December 24, arguing that the court did not have the authority to issue restitution to the victim's parents because they are not considered "victims" within the meaning of Minn.Stat. § 611A.04, subd. 1 (2012). The State objected to the request, arguing that Borg had not timely challenged restitution. The court granted Borg's request, reasoning that he was entitled to the hearing "[d]ue to substitution of attorney and delay in assigning a public defender." [1]

A restitution hearing was held and on July 24, 2009, the trial court issued an order amending the restitution portion of Borg's sentence. More specifically, the court reduced Borg's restitution obligation by $337.10, which represented a portion of the costs that the victim's parents had incurred to attend the trial. The court reasoned that that these costs do not fall within the purview of the criminal-restitution statute. On October 21, 2009, the State appealed the amended sentencing order pursuant to Minn. R.Crim. P. 28.05.[2]

The court of appeals dismissed the appeal as untimely. *State v. Borg*, 823 N.W.2d 352, 356 (Minn.App.2012). The court reasoned that our decision in *State v. Hughes*, 758 N.W.2d 577 (Minn.2008), controlled. *Borg*, 823 N.W.2d at 355–56. The court concluded that *Hughes* stood for the proposition "that a later-issued restitution order does not extend the 90–day time period that a defendant has to file a direct appeal from his sentence." *Id.* at 355. Thus, the court determined that the 90–day period for the State to appeal began on November 7, 2008, the date on which Borg's initial sentence was pronounced, without regard to the fact that the trial court did not issue the order amending the restitution portion of Borg's sentence until July 24, 2009, well after the 90 days had expired. *Id.* at 356. As a result, the court of appeals held that "the state's appeal is not allowed as a sentencing appeal because it was taken from the restitution order and not from the imposition of Borg's sentence." *Id.* The court emphasized that it

1. In the court of appeals, the State argued that the trial court lacked jurisdiction to hear Borg's challenge because it was made after the 30–day period had expired under Minn. Stat. § 611A.045, subd. 3(b). The court of appeals declined to address the State's jurisdictional claim, *State v. Borg*, 823 N.W.2d 352, 356 (Minn.App.2012), and we denied the State's petition for review with respect to that issue. Therefore, we express no opinion as to whether the trial court lacked jurisdiction to grant a restitution hearing and reduce the previously ordered restitution amount.

2. The court of appeals initially stayed the State's restitution appeal pending our review of Borg's direct appeal. *State v. Borg*, No. A09–1921, Order at 2 (Minn.App. filed May 24, 2010). After we issued our decision on Borg's direct appeal, *State v. Borg*, 806 N.W.2d 535 (Minn.2011), and denied his second petition for review, *State v. Borg*, No. A09–243, 2012 WL 987273 (Minn.App. Mar. 26, 2012), *rev. denied* (Minn. June 19, 2012), the court of appeals reinstated the restitution appeal. *State v. Borg*, No. A09–1921, Order (Minn.App. filed June 26, 2012).

could find "no specific rule or statute that allows the state to appeal from a restitution order," and as a result there was no basis for the State to separately appeal the order amending the restitution portion of Borg's sentence more than 90 days after the imposition of Borg's initial sentence. *Id.*

## I.

■ Asserting that Minn. R.Crim. P. 28.04 allows the State to appeal an order amending the restitution portion of a defendant's sentence, the State argues that the court of appeals erred when it dismissed the appeal as untimely. We agree.

■ "The ability of the State to appeal is limited." *State v. Rourke,* 773 N.W.2d 913, 923 (Minn.2009). In order for the State to appeal, "[t]here must be a statute or court rule that permits the appeal, or the issue must 'arise by necessary implication' from an issue where the State's right to appeal is expressly provided." *Id.* (quoting *In re C.W.S.,* 267 N.W.2d 496, 498 (Minn.1978)). The restitution statute does not specifically grant either the State or the defendant the right to appeal.[3] We therefore consider whether the rules of criminal procedure allow such an appeal.

■ "We interpret procedural rules de novo." *In re Welfare of S.M.E.,* 725 N.W.2d 740, 742 (Minn.2007). "When construing procedural rules, we look to the plain language of the rule and its purpose." *Id.* We "strictly construe the rules governing appeals by the State in criminal cases because such appeals are not favored." *Rourke,* 773 N.W.2d at 923.

The State argues that the plain language of Rule 28.04 allows it to appeal from the trial court's order amending the amount of restitution Borg was required to pay as part of his sentence. Minnesota Rule of Criminal Procedure 28.04, subdivision 1(2), provides that the State may appeal to the court of appeals as of right "in felony cases, from any sentence imposed or stayed by the district court." The State argues that the phrase "any sentence" expressly provides that the State may appeal from an order imposing the initial sentence as well as any amended sentencing order. In the alternative, the State argues that if Rule 28.04 does not expressly provide the right to appeal an amended sentencing order, such a right is implied by necessity. In response to the State's argument, Borg asserts that court-ordered restitution is not part of a defendant's sentence.

## A.

We begin our analysis by considering the threshold issue of whether court-ordered restitution is part of a defendant's sentence. Contrary to Borg's assertion, we conclude that court-ordered restitution is part of a defendant's sentence. Minnesota Statutes § 609.10, subd. 1(a)(5) (2012), expressly states that courts are authorized to "sentence the defendant ... to payment of court-ordered restitution in addition to either imprisonment or payment of a fine." In *State v. Gaiovnik,* we held that "the district court did not err in ordering [the defendant] to pay restitution ... *as part of his sentence.*" 794 N.W.2d 643, 652 (Minn. 2011) (emphasis added). Moreover, a court may order a defendant to pay restitution as part of his sentence at the

---

**3.** Minnesota Statutes § 611A.045, subd. 3(b), allows a defendant to challenge restitution "by requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Once the

30–day time period has passed, "[a] defendant may not challenge restitution." *Id.* The restitution statutes, Minn.Stat. §§ 611A.04, 611A.045, however, do not expressly permit the State or the defendant to appeal a restitution order.

sentencing hearing, Minn.Stat. § 611A.04, subd. 1(a), or "may amend or issue an order of restitution after the sentencing ... hearing" when the extent of the victim's loss "was not known at the time of the sentencing ... hearing, or hearing on the restitution request," *id.*, subd. 1(b)(3). Having concluded that court-ordered restitution is part of a defendant's sentence, we next consider whether Minn. R.Crim. P. 28.04 allows the State to appeal in these circumstances.

#### B.

We agree with the State's interpretation of Minn. R.Crim. P. 28.04, subd. 1(2), as permitting the State to appeal from an initial sentencing order as well as any amended sentencing order. Of key importance is that Minn. R.Crim. P. 28.04, subd. 1(2), permits the State to appeal "from *any sentence* imposed." (Emphasis added.) That the word "sentence" is qualified by the word "any" contemplates circumstances in which, like here, different components of a defendant's sentence are imposed at different times. Thus, we construe the phrase "any sentence" to include not only the order imposing the initial sentence, but also any subsequent order amending or modifying a *component* of the original sentence.

Here, the State seeks to appeal from the amended sentencing order issued on July 24, 2009, reducing Borg's restitution obligation by $337.10. Because restitution is a component of a defendant's sentence, *see* Minn.Stat. § 609.10, the trial court's amended sentencing order constituted a "sentence imposed," which, under the plain language of Minn. R.Crim. P. 28.04, subd. 1(2), was subject to appeal by the State. Under Minn. R.Crim. P. 28.05, subd. 1(1), the State was required to file a notice of appeal of the amended sentencing order "within 90 days after" it was entered. Be-cause the State filed its notice of appeal on October 21, 2009, within 90 days of the date on which the amended sentencing order was entered, the State's appeal was timely.

We emphasize that the State's appeal from an amended sentencing order is limited to challenges relating to that amended order. Put differently, if the State fails to file a timely appeal from the initial sentencing order, a timely appeal from an order that amends a *component* of the sentence previously imposed does not allow the State to relitigate the entirety of the defendant's sentence. This limitation flows from the plain language of Minn. R.Crim. P. 28.04, subd. 1(2), which allows the State to appeal "from any sentence imposed or stayed by the district court." Because the July 24 order imposed an amended sentence that reduced Borg's restitution obligation, the State's appeal from that order must be limited to the challenges pertaining to that specific amendment, as opposed to challenges to the unmodified components of Borg's initial sentence.

#### II.

The court of appeals' analysis in this case relied heavily on *State v. Hughes*, 758 N.W.2d 577 (Minn.2008). As discussed in more detail below, we conclude that *Hughes* is not dispositive of the issue before us.

In *Hughes*, we considered the question of whether Hughes' case was "final" for the purposes of determining whether he was retroactively entitled to the benefit of the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Hughes*, 758 N.W.2d at 579. On March 19, 2004, Hughes pleaded guilty to aggravated robbery. *Id.* That day, the district court issued an order imposing a

prison sentence and a general restitution obligation. *Id.* On June 22, the district court issued an amended sentencing order that required Hughes to pay $634.99 in restitution. *Id.* Two days later, on June 24, *Blakely* was decided. *Id.* Hughes filed a petition for postconviction relief, asserting that the 90–day time period to appeal his sentence did not begin to run until the amount of restitution was determined, and therefore *Blakely* applied to his case because his conviction was not "final" for retroactivity purposes until September 2004 (when the time to appeal from the amended sentencing order had expired). *Id.* at 579–80.

We explained that a "conviction is 'final' for retroactivity purposes when the time to file a direct appeal has expired." *Id.* at 580. We then rejected Hughes' argument that "his conviction was not accompanied by an imposed sentence until the amount of restitution was determined." *Id.* We acknowledged that " 'when [a] sentence is imposed,' " the court is required to " 'state the precise terms of the sentence.' " *Id.* (quoting Minn. R.Crim. P. 27.03, subd. 4(A)). However, we reasoned that this requirement "does not indicate that a sentence is imposed only when all terms are stated precisely" because "Rule 27.03, subd. 4(A) controls the character, not the timing, of sentence imposition." *Id.* at 581. Thus, we concluded that Hughes' initial sentence was imposed "when his sentence of incarceration and general restitution obligation was announced, and that his time for direct appeal expired 90 days later on June 17, 2004." *Id.* Because Hughes' time to appeal his conviction and initial sentence expired on June 17, 2004, we held that he was not entitled to the benefit of *Blakely* as his case was "final" before *Blakely* was decided. *Id.*

The State contends that *Hughes* is inapplicable here because it was decided in the limited context of determining when a conviction becomes final for the purposes of retroactivity. In contrast, Borg asserts that the timing of when the sentence was imposed was central to our decision in *Hughes.* Therefore, Borg asserts, *Hughes* is not limited to cases involving issues of retroactivity because the timing of the imposition of the sentence should be the same for all purposes.

We conclude that *Hughes* is not dispositive of the issue before us. Hughes sought retroactive application of the *Blakely* rule to a component of his sentence that was not modified by the later-issued order that imposed the $634.99 restitution obligation. Specifically, Hughes sought the benefit of the *Blakely* rule with respect to the process used to determine disputed facts affecting the length of his term of imprisonment. *See id.* at 579. Hughes was not arguing that he should benefit from *Blakely* with respect to the amount of restitution subsequently ordered by the district court. *See id.* As a result, our conclusion that Hughes' sentence was "final" before the *Blakely* rule was announced reflected the fact that once the 90–day period for filing an appeal from Hughes' initial sentencing order expired, a timely appeal from the amended order modifying the restitution amount would not have allowed Hughes to challenge the unmodified components of his sentence, including the length of his term of imprisonment. Here, however, the State *is* challenging the sentencing component that was modified by the amended sentencing order. For that reason, we conclude that *Hughes* does not control the question of whether the State's appeal of the restitution order in this case was timely.

## III.

In conclusion, we hold that an order amending the restitution portion of a de-

fendant's sentence constitutes a "sentence imposed" within the meaning of Minn. R.Crim. P. 28.04, subd. 1(2), such that the State has 90 days to appeal after the entry of such an order. Because the State filed its notice of appeal on October 21, 2009, within 90 days after the date on which the July 24 amended sentencing order was entered, we conclude that the State's appeal was timely and reverse the court of appeals' decision. We remand to the court of appeals for consideration of the merits of the State's appeal.

Reversed and remanded.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

