# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-0245

State of Minnesota,
Appellant,

vs.

Jason Turner Johnson,
Respondent.

**Filed June 3, 2024**
**Motion denied**
**Segal, Chief Judge**

Clay County District Court
File No. 14-CR-21-417

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Megan J. Kelly, Assistant County Attorney, Moorhead, Minnesota (for appellant)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for respondent)

Considered and decided by Segal, Chief Judge; Ross, Judge; and Johnson, Judge.

## SYLLABUS

The authority for the state to appeal from a district court's award of jail credit arises by necessary implication from its express authority to appeal "from any sentence imposed or stayed" in a felony case pursuant to Minnesota Rule of Criminal Procedure 28.04, subdivision 1(2).

# SPECIAL TERM OPINION

**SEGAL**, Chief Judge

The district court revoked respondent Jason Turner Johnson's probation and executed the imposed prison sentence. Appellant State of Minnesota filed this appeal from the district court's sentencing order, as amended after Johnson's probation revocation, challenging the district court's award of jail credit. Respondent filed a motion to dismiss the appeal, arguing that the state lacks authority to appeal from an award of jail credit. Because we hold that the state's right to appeal from a district court order awarding jail credit arises by necessary implication from its right to appeal from the district court's imposed term of imprisonment, the state is entitled to appeal from this order and we deny respondent's motion to dismiss.

## DECISION

The Minnesota Rules of Criminal Procedure provide that the state may appeal "from any sentence imposed or stayed by the district court" in a felony case. Minn. R. Crim. P. 28.04, subd. 1(2); *see also* Minn. R. Crim. P. 28.05 (establishing the procedures for a sentencing appeal by any party). Because appeals by the state in criminal cases are disfavored, the state's right to appeal is limited and the rules governing them are strictly construed. *State v. Rourke*, 773 N.W.2d 913, 923 (Minn. 2009). Accordingly, "[t]here must be a statute or court rule that permits the appeal, or the issue must arise by necessary implication from an issue where the State's right to appeal is expressly provided." *Id.* (quotation omitted).

2

Rule 28.04 does not expressly provide that the state may appeal from an order awarding jail credit. The issue before this court, therefore, is whether the state's ability to appeal from a jail-credit award arises by "necessary implication" from the state's right to appeal "from any sentence imposed or stayed." Minn. R. Crim. P. 28.04, subd. 1(2). In answering this question, we begin by examining what constitutes a "sentence" for purposes of rule 28. "The interpretation of the rules of criminal procedure is a question of law that we review de novo." *Dereje v. State*, 837 N.W.2d 714, 720 (Minn 2013).

The Minnesota Supreme Court's opinion in *State v. Borg* is instructive. 834 N.W.2d 194 (Minn. 2013). There, the state appealed from the district court's order for restitution issued after Borg's sentencing hearing. *Id.* at 195. Addressing Borg's challenge to the state's authority to appeal, the court considered whether restitution "is part of a defendant's sentence" for purposes of the term "any sentence" used in rule 28.04, subdivision 1(2). *Id.* at 197. In answering this question in the affirmative, the court noted: "Minnesota Statutes § 609.10, subd. 1(a)(5) (2012), expressly states that courts are authorized to 'sentence the defendant . . . to payment of court-ordered restitution in addition to either imprisonment or payment of a fine.'" *Id.* It further concluded that the phrase "any sentence" as used in the rule "contemplates circumstances in which . . . different components of a defendant's sentence are imposed at different times." *Id.* at 198.

The court then held that, "[b]ecause restitution is a component of a defendant's sentence, *see* Minn. Stat. § 609.10 (2022), the trial court's amended sentencing order constituted a 'sentence imposed,' which, under the plain language of Minn. R. Crim. P. 28.04, subd. 1(2), was subject to appeal by the State." *Id.* We discern from this holding

3

that the state's right to appeal a sentence necessarily includes the right to appeal from any order affecting a "component" of the defendant's sentence that is provided for by section 609.10.

We next determine whether an award of jail credit constitutes a component of a defendant's sentence within the meaning of section 609.10. "We review questions of statutory interpretation de novo." *State v. Defatte*, 928 N.W.2d 338, 340 (Minn. 2019).

Section 609.10 is titled "Sentences available," and states:

> Subdivision 1. Sentences available. (a) Upon conviction of a felony and compliance with the other provisions of this chapter the court, if it imposes sentence, may sentence the defendant to the extent authorized by law as follows:
> (1) to life imprisonment; or
> (2) to imprisonment for a fixed term of years set by the court; or
> (3) to both imprisonment for a fixed term of years and payment of a fine; or
> (4) to payment of a fine without imprisonment or as an intermediate sanction on a stayed sentence; or
> (5) to payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both; or
> (6) to payment of a local correctional fee as authorized under section 609.102 in addition to any other sentence imposed by the court.

Minn. Stat. § 609.10, subd. 1(a). Relevant here, subparts (2) and (3) provide for—as a component of a defendant's sentence—"imprisonment for a fixed term of years." *Id.*, subd. 1(a)(2), (3). In light of *Borg*, it follows that the state is impliedly authorized to appeal from any order that affects the "fixed term" of the defendant's imprisonment imposed by the district court. *Id.*

4

By both rule and statute, the duration of the "fixed term" of a defendant's incarceration is modified by the district court's award of any jail credit. First, Minnesota's rules of criminal procedure provide:

> When pronouncing a sentence, the court must state the number of days spent in custody in connection with the offense or behavioral incident being sentenced. That credit must be deducted from the sentence and term of imprisonment and must include time spent in custody from a prior stay of imposition or execution of sentence.

Minn. R. Crim. P. 27.03, subd. 4(B). Second, the Minnesota Statutes direct that

> [a] sentence of imprisonment upon conviction of a felony is reduced by the period of confinement of the defendant following the conviction and before the defendant's commitment to the commissioner of corrections for execution of sentence unless the court otherwise directs.

Minn. Stat. § 609.145, subd. 2 (2022). What is notably consistent between the provisions of this rule and statute is that each expressly requires that the court's award of jail credit be deducted from the duration of the defendant's imprisonment. And an award of jail credit, moreover, "is not discretionary with the district court." *State v. Johnson*, 744 N.W.2d 376, 379 (Minn. 2008).

In this way, the "imprisonment for a fixed term of years" that is imposed by the district court as a component of its sentence is comprised of *both* the pronounced sentence duration *and* the amount of jail credit by which that duration is reduced. Minn. Stat. § 609.10, subd. 1(a). Because an award of jail credit is deducted from the duration of a defendant's incarceration, it has a direct and immediate effect on the "term of years" of imprisonment that the district court imposes by its sentence. An order granting or denying

5

jail credit therefore directly affects a component of a defendant's sentence under section 609.10, subdivision 1, and so constitutes a "sentence imposed" for purposes of the state's right to appeal. *See Borg*, 834 N.W.2d at 198.

Because the state's right to appeal a jail-credit award arises by necessary implication from its express right to appeal from "any sentence imposed or stayed by the district court" in a felony case, Minn. R. Crim. P. 28.04, subd. 1(2), we conclude that this court has jurisdiction over this appeal and will permit it to proceed.

**Motion denied.**