STATE of Minnesota, Respondent,

v.

Harry NMN MADDOX, III, a/k/a Coy
William Parker, III, Appellant.

No. A12–1208.

Court of Appeals of Minnesota.

Jan. 28, 2013.

Lori Swanson, Attorney General, St. Paul, MN; and Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Assis-

tant County Attorney, Shakopee, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Anders S. Erickson, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by SCHELLHAS, Presiding Judge; ROSS, Judge; and RODENBERG, Judge.

## OPINION

SCHELLHAS, Judge.

Appellant challenges the district court's denial of relief regarding three restitution orders, arguing that the district court (1) violated appellant's right to counsel by not obtaining a waiver from appellant before allowing him to represent himself and (2) failed to make findings that the state proved the restitution amounts by a preponderance of the evidence. Appellant also presents several pro se arguments. Because we agree that the district court violated appellant's right to counsel, we need not reach the remaining issues, and we reverse and remand for a new restitution hearing.

## FACTS

This appeal involves allegations of criminal conduct in two district court files: # 70–CR–11–19238 in which respondent State of Minnesota charged appellant Harry Maddox with two felony counts of check forgery under Minn.Stat. § 609.631, subd. 2 (2002), and one count of issuing a dishonored check under Minn.Stat. § 609.535, subd. 2 (2002); and # 70–CR–11–20256 in which the state charged Maddox with one count of offering a forged check under Minn.Stat. § 609.631, subd. 3 (2010), and one count of theft under Minn.Stat. § 609.52, subd. 2(1) (2010). In the complaint in file # 70–CR–11–20256, the state alleged that "[f]rom May, 2011 through August, 2011, [Maddox] has written and cashed fraudulent checks worth $4,815.05 with twelve different victims in various counties in the State of Minnesota."

In November 2011, at a plea-and-sentencing hearing, Maddox entered a plea agreement that included the following terms: "In 70 CR 11–20256–pg ct 1; dismiss other count; . . . dismiss 70 CR 11–19238; exec 13 months to comm'r; CTS; *rest'n study on both files, all cts.*" [1] (Emphasis added.) And Maddox's counsel stated that the plea agreement included the following:

> [O]n . . . 70–CR–11–20256 [Maddox] would plead guilty to Count I. . . . [T]he remaining Count II would be dismissed. And the file embodied by 70–CR–11–19238 would also be dismissed.
>
> The parties agreed to a downward departure of 13 months executed to the Commissioner of Corrections. . . .
>
> There would be a restitution determination made by the commissioner . . . *on all counts on both files.*

(Emphasis added.)

Maddox pleaded guilty to one count of felony check forgery in # 70–CR–11–20256. The district court accepted Maddox's plea, dismissed the remaining counts

---

1. The presumptive sentence range applicable in case # 70–CR–11–20256 was 23–30 months, with a presumptive duration of 26 months. The state notified Maddox of its intent to seek an aggravated sentencing departure of "up to the statutory maximum sentence of 10 years (120 months) for Check Forgery—Offering Forged Check," based on the following aggravating factors: "[Maddox] is a career offender who has five or more felony convictions and this present offense was committed as part of a pattern of criminal conduct." And the state identified Maddox's five previous convictions for which the state intended to offer evidence at trial.

in both files, and sentenced Maddox to 13 months' imprisonment. The following discussion ensued regarding Maddox's restitution obligation:

> COURT: ... And then corrections is directed to complete a restitution study to establish the amount of restitution that's to be paid to the victims of this offense.
>
> MADDOX: Thank you, Your Honor.
>
> ....
>
> PROSECUTOR: And, Judge, just to make sure, in ... file [# 70–CR–11–19238], it was agreed [Maddox] would also pay restitution to any victim in that one.
>
> COURT: That's my understanding.

On March 15, 2012, the district court issued restitution orders, involving three separate victims, in the amounts of $2,020.65, $164.90, and $3,845.87, totaling $6,031.42. Each of the restitution orders stated: "[I]f you dispute the amount listed above, you have the right to challenge this restitution order by filing a written request with the Court Administrator within 30 days of receiving this order."

Maddox timely challenged the restitution orders under Minn.Stat. § 611A.045, subd. 3(b), which permits a defendant to challenge restitution at a restitution hearing. Maddox appeared at the restitution hearing without counsel. At no time during the hearing did the district court or the prosecutor inform Maddox of his right to counsel, and Maddox did not waive the right.

This appeal follows.

## ISSUE

Did Maddox have a right to counsel at the restitution hearing?

## ANALYSIS

Arguing that he had a constitutional right to counsel at the restitution hearing that he did not waive, Maddox seeks vacation of restitution orders and a remand to the district court for a new restitution hearing.

### Right to Counsel

Maddox argues that the restitution hearing held under section 611A.045, subdivision 3(b), was a critical stage of his prosecution and that the district court violated his right to counsel by conducting the hearing without first obtaining a waiver of his right to counsel. We agree.

The Minnesota Constitution provides that, "[i]n all criminal prosecutions the accused shall enjoy the right ... to have the assistance of counsel in his defense." Minn. Const. art. I, § 6. Likewise, "[t]he Sixth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, guarantees that, '[i]n all criminal prosecutions, the accused shall enjoy the right to ... have the assistance of counsel for his defence.'" *State v. Borg,* 806 N.W.2d 535, 545 (Minn.2011) (quoting U.S. Const. amend. VI); *see* U.S. Const. amend. XIV, § 1 ("No State shall ... deprive any person of life, liberty, or property, without due process of law....").

The Minnesota Supreme Court has held that "[t]he purpose of the right to counsel is to protect the accused from a conviction resulting from his own ignorance of his legal and constitutional rights." *State ex rel. Norgaard v. Tahash,* 261 Minn. 106, 113, 110 N.W.2d 867, 872 (1961). Similarly, the United States Supreme Court has held that "the core purpose of the counsel guarantee is to assure aid at trial, when the accused is confronted with both the intricacies of the law and the advocacy of the public prosecutor," *United States v. Gouveia,* 467 U.S. 180, 188–89, 104 S.Ct. 2292, 2298, 81 L.Ed.2d 146 (1984)

(quotation omitted), "and thereby to assure fairness in the adversary criminal process," *United States v. Gonzalez–Lopez,* 548 U.S. 140, 153–54, 126 S.Ct. 2557, 2567, 165 L.Ed.2d 409 (2006) (quotation omitted). *Cf. State v. Brist,* 812 N.W.2d 51, 54 (Minn.2012) ("Supreme Court precedent on matters of federal law, including the interpretation and application of the United States Constitution, is binding on this court.").

A criminal defendant's right to counsel applies to " 'critical stages of the proceedings.' " *State v. Krause,* 817 N.W.2d 136, 144 n. 6 (Minn.2012) (quoting *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 1931, 18 L.Ed.2d 1149 (1967)). "[C]ritical stages" are "proceedings between an individual and agents of the State ... whether formal or informal, in court or out, that amount to trial-like confrontations, at which counsel would help the accused in coping with legal problems or meeting his adversary." *Rothgery v. Gillespie Cnty., Tex.,* 554 U.S. 191, 212 n. 16, 128 S.Ct. 2578, 2591 n. 16, 171 L.Ed.2d 366 (2008) (quotations and citation omitted). A characteristic of a critical stage is that "certain legal rights may be lost if not exercised at this stage." *Mempa v. Rhay,* 389 U.S. 128, 135, 88 S.Ct. 254, 257, 19 L.Ed.2d 336 (1967).

The United States Supreme Court has previously noted that "sentencing is a critical stage of the criminal proceeding." *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1205, 51 L.Ed.2d 393 (1977). This court has previously noted that " 'payment of court-ordered restitution' " is part of a criminal " 'sentence.' " *State v. Hughes,* 742 N.W.2d 460, 463 (Minn.App. 2007) (quoting Minn.Stat. § 609.10, subd. 1(5) (2004)), *aff'd* 758 N.W.2d 577 (Minn. 2008). But whether a restitution hearing under section 611A.045, subdivision 3(b), is a critical stage of a criminal proceeding to

which the right to counsel applies is an issue of first impression in Minnesota.

Here, the district court issued three restitution orders in March 2012, approximately four months after Maddox's sentencing hearing and after the expiration of Maddox's 90–day deadline for a direct appeal from his sentence. *See* Minn. R.Crim. P. 28.02, subd. 4(3)(a) (providing that defense appeal must be filed "within 90 days after final judgment or entry of the order being appealed"); *State v. Hughes,* 758 N.W.2d 577, 578, 581 (Minn. 2008) (holding that 90–day time period begins to run when defendant's "sentence of incarceration and general restitution obligation [is] announced," even when "the amount of restitution [is] determined at a later date"); *State v. Borg,* 823 N.W.2d 352, 355 (Minn.App.2012) (following *Hughes,* holding that "a later-issued restitution order does not extend the 90–day time period that a defendant has to file a direct appeal from his sentence"), *review granted* (Minn. Jan. 15, 2013); *cf.* Minn. Stat. § 611A.04, subd. 1(b) (2010) (permitting district court to "amend or issue an order of restitution after the sentencing or dispositional hearing"). Moreover, a defendant who fails to timely challenge restitution under section 611A.045, subdivision 3(b), may not challenge restitution in a postconviction-relief petition. *See* Minn. Stat. § 611A.045, subd. 3(b) ("A defendant may not challenge restitution after the 30–day time period has passed."); *Mason v. State,* 652 N.W.2d 269, 273 (Minn.App. 2002) (declining to address merits of defendant's postconviction-relief petition because "district court properly determined that [defendant]'s postconviction challenge to the restitution order was untimely"), *review denied* (Minn. Dec. 30, 2002); *see also State v. Henry,* 809 N.W.2d 251, 254 n. 1 (Minn.App.2012) (following *Mason,* concluding that "any appeal [defendant]

might take from the . . . restitution order would likely be considered untimely even in the face of good cause").

■ We conclude that the restitution hearing was not meaningful because Maddox did not have the benefit of assistance of counsel at the hearing. *See Deegan v. State*, 711 N.W.2d 89, 98 (Minn.2006) ("[A] defendant's access to the . . . protections afforded in criminal proceedings cannot be meaningful without the assistance of counsel."). No record evidence indicates that Maddox has " 'both the skill and knowledge' to defend him[self]." *Friedman v. Comm'r of Pub. Safety*, 473 N.W.2d 828, 833 (Minn.1991) (quoting *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), noting that purpose of right to counsel is to protect persons lacking skill and knowledge to defend self); Moreover, even though Maddox now has the benefit of assistance of counsel on appeal, the meaningfulness of his appeal is limited by the scope of this court's review, which is limited in part by the issues raised in the district court at the restitution hearing. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn.1996) (noting that defendant's "failure to raise the issue before the district court at trial precludes its litigation on appeal").

■ The state correctly notes that the United States Supreme Court has limited the Sixth Amendment right to counsel to "cases where a conviction carries imprisonment." Under United States Supreme Court jurisprudence, the Sixth Amendment right to counsel applies only to "criminal cases resulting in a sentence of imprisonment." *Turner v. Rogers*, —— U.S. ——, ——, 131 S.Ct. 2507, 2522, 180 L.Ed.2d 452 (2011); *see Alabama v. Shelton*, 535 U.S. 654, 661–62, 122 S.Ct. 1764, 1769–70, 152 L.Ed.2d 888 (2002) (reaffirming Supreme Court's " 'actual imprisonment' standard" and noting Supreme

Court case holding that "defendant had no right to state-appointed counsel because the sole sentence actually imposed on him was a $50 fine"). Similarly, the Minnesota Supreme Court has held that, "[u]nder the Sixth Amendment, the right to court-appointed counsel extends only to cases where a person may be subjected to a loss of liberty." *Wertheimer v. State*, 294 Minn. 293, 298, 201 N.W.2d 383, 386 (1972). And the Minnesota Supreme Court has stated that it "will not lightly reject a Supreme Court interpretation of identical or substantially similar language" and "will not cavalierly construe our constitution more expansively than the United States Supreme Court has construed the federal constitution" and has declined to extend the right to counsel under the Minnesota Constitution to "guaranteeing advisory counsel for pro se defendants." *State v. Clark*, 722 N.W.2d 460, 466 (Minn.2006) (quotations omitted).

■ But the Minnesota Supreme Court has "demonstrated a willingness to interpret the right to counsel under the Minnesota Constitution independently of the United States Constitution." *Deegan*, 711 N.W.2d at 97–98 (holding that "a defendant's right to the assistance of counsel under Article I, section 6 of the Minnesota Constitution extends to one review of a criminal conviction, whether by direct appeal or a first review by postconviction proceeding."). The supreme court also has noted that "the expansion of the right to counsel is necessary 'when new contexts appear presenting the same dangers that gave birth initially to the right itself.' " *Friedman*, 473 N.W.2d at 829, 833 (quoting *United States v. Ash*, 413 U.S. 300, 311, 93 S.Ct. 2568, 2574, 37 L.Ed.2d 619 (1973), extending Minnesota Constitution's right to counsel to give "limited right to consult an attorney before deciding wheth-

er or not to submit to chemical testing for blood alcohol").

In that light, we hold that a restitution hearing under Minn.Stat. § 611A.045, subd. 3(b), is a critical stage of the state's prosecution of a criminal defendant to which an accused's right to counsel applies under Minnesota Constitution article I, section six, *Gardner*, 430 U.S. at 358, 97 S.Ct. at 1205, and the obligation to pay restitution is a part of a criminal sentence, *Hughes*, 742 N.W.2d at 463. *See Hill v. Bradford*, 565 So.2d 208, 210 (Ala.1990) (concluding that defendants "have the right to the presence of counsel at [restitution] hearings" because they are "a component of the criminal sentencing proceeding"); *People v. Scearce*, 87 P.3d 228, 235 (Colo.App.2003) (concluding that defendant "is entitled to the assistance of counsel at any hearing held to determine his restitution responsibilities" because "constitutional right to assistance of counsel applies to sentencing hearing" and "restitution is part of sentence," unless defendant waives right to counsel); *White v. State*, 21 So.3d 77, 79 (Fla.Dist.Ct.App.2009) ("A restitution hearing is part of sentencing and requires the presence of counsel."); *State v. Alspach*, 554 N.W.2d 882, 884 (Iowa 1996) (holding that defendant has right to "court-appointed counsel when challenging restitution orders" but only when "challeg[ing] ... restitution imposed as part of the original sentencing order, or supplemental orders, under" state law, reasoning that defendant "should not be denied counsel simply because the amount of pecuniary damages was unavailable on the day of sentencing"); *State v. Phillips*, 235 Or. App. 646, 234 P.3d 1030, 1034 (2010) (concluding based on state constitution that right to counsel applies to restitution hearing because "a hearing that determines the amount of restitution that a convicted defendant must pay the victim is a stage at which the defendant has the right to be heard" and "[a] restitution provision in a judgment properly is considered a sentence" (quotations omitted)); *see also State v. Guadagni*, 218 Ariz. 1, 178 P.3d 473, 479 (Ct.App.2008) (applying federal constitution's right to counsel to defendant who is "ordered to pay restitution as a condition of probation" because "[r]estitution is part of sentencing, and a restitution hearing is therefore a criminal proceeding," and "[t]he potential loss of liberty associated with criminal restitution thus entitles a defendant who is unable to afford an attorney to court-appointed counsel"); *State v. King*, 288 Kan. 333, 204 P.3d 585, 599 (2009) ("[A]ny claim that the defendant's due process rights were violated in this case is without merit, as he was present and represented by counsel at the hearing where restitution was discussed and determined."); *State v. Cabrera*, 163 P.3d 707, 711 (Utah Ct.App.2007) (holding that "a criminal defendant has the right to counsel at a separate restitution hearing when restitution is ordered as part of a sentence that also includes actual or suspended jail time" because "restitution hearings are held as part of sentencing proceedings against criminal defendants"); *State v. Milton*, 160 Wash.App. 656, 252 P.3d 380, 381 (2011) (concluding that defendant "was entitled to appointed counsel at the restitution hearing" based on state criminal-procedure rule and jurisprudence that "the setting of restitution is an integral part of sentencing" (quotation omitted)).

We conclude that, for a defendant to challenge restitution at a restitution hearing under section 611A.045, subdivision 3(b), the defendant must confront the state in a "trial-like confrontation[ ], at which counsel would help the accused in coping with legal problems or meeting his adversary." *Rothgery*, 554 U.S. at 212 n. 16, 128 S.Ct. at 2591 n. 16; *see* Minn.Stat. § 611A.045, subd. 3(a) (2010) (requiring ac-

cused to confront state at restitution hearing and imposing burdens of proof on both parties). Our conclusion is consistent with the Minnesota Supreme Court's recent observation that a defendant "received all the process he was due" when, among other things, the defendant "was represented by counsel at [the restitution] hearing." *Hughes v. State,* 815 N.W.2d 602, 606 (Minn.2012).

### Waiver

Maddox argues that the district court violated his right to counsel by not ensuring that he validly waived counsel prior to representing himself at his restitution hearing. We agree.

A defendant may waive his right to counsel if the defendant's waiver is "knowing, voluntary and intelligent." *Krause,* 817 N.W.2d at 148 n. 10 (quotation omitted). In felony cases—as here—the waiver must be in writing unless the defendant refuses to sign such a waiver. *State v. Jones,* 772 N.W.2d 496, 504 (Minn. 2009) (citing Minn.Stat. § 611.19 (2008)); *accord* Minn. R.Crim. P. 5.04, subd. 1(3). And a district court, "to ensure a knowing, intelligent, and voluntary waiver-of-counsel, should comprehensively examine the defendant regarding the defendant's comprehension of the charges, the possible punishments, mitigating circumstances, and any other facts relevant to the defendant's understanding of the consequences of the waiver." *State v. Rhoads,* 813 N.W.2d 880, 885–86 (Minn.2012) (quotations omitted). The denial of the right to counsel "is a structural error," *Bonga v. State,* 765 N.W.2d 639, 643 (Minn.2009), that "does not require a showing of prejudice to obtain reversal," *State v. Camacho,* 561 N.W.2d 160, 171 (Minn.1997).

The record of the restitution hearing does not reveal whether Maddox waived his right to counsel. A defendant is "entitled to a new trial" when the absence of a "record of a defendant's waiver of counsel" renders "it ... impossible to determine upon appellate review whether a waiver was knowing and intelligent." *State v. Hawanchak,* 669 N.W.2d 912, 915 (Minn.App.2003); *see also State v. Nordstrom,* 331 N.W.2d 901, 904 n. 6 (Minn. 1983) (noting that generally "[a] waiver of ... constitutional rights will not be presumed from a silent record"). Although "[a] district court's failure to conduct an on-the-record inquiry regarding waiver ... does not require reversal when the particular facts and circumstances of the case demonstrate a valid waiver," *Rhoads,* 813 N.W.2d at 886, here, the record does not reveal that Maddox made any waiver of his right to counsel for the restitution hearing—oral, written, or otherwise. Although a defendant may waive his right to counsel "by conduct" if the defendant engages in "dilatory tactics," *Krause,* 817 N.W.2d at 148 n. 10, the record does not indicate that Maddox engaged in dilatory tactics.

We conclude that the district court violated Maddox's right to counsel by not obtaining his waiver of that right before proceeding with the restitution hearing under section 611A.045, subdivision 3(b). We therefore reverse the district court's denial of Maddox's restitution challenge and remand for a new restitution hearing under section 611A.045, subdivision 3(b).

Because we reverse based on the district court's failure to obtain a waiver of Maddox's right to counsel, we need not reach Maddox's arguments that the district court failed to comply with the restitution-hearing procedures under section 611A.045, subdivision 3(a), or Maddox's pro se arguments.

## DECISION

The district court violated Maddox's right to counsel under Minnesota Constitution article I, section six, by not obtaining Maddox's waiver of his right to counsel before conducting the restitution hearing under section 611A.045, subdivision 3(b).

**Reversed and remanded.**