*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0825**

Jolonda Rae Roberts, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 26, 2015
Reversed and remanded
Hooten, Judge**

Anoka County District Court
File No. 02-CR-11-3120

Cathryn Middlebrook, Chief Appellate Public Defender, Amy R. Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Anthony Palumbo, Anoka County Attorney, Robert D. Goodell, Assistant County Attorney, Anoka, Minnesota (for respondent)

        Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Stauber, Judge.

## U N P U B L I S H E D   O P I N I O N

**HOOTEN**, Judge

        Appellant challenges the district court's order denying her request for a restitution hearing, arguing that the district court lacked legal authority to order restitution more than

one year after sentencing and erred by: (1) ordering restitution without giving notice to appellant and without considering appellant's ability to pay; and (2) failing to appoint counsel on appellant's motion to hold a restitution hearing. Because the district court failed to provide appellant with the assistance of counsel in response to her request for a restitution hearing and did not consider her ability to pay before ordering restitution, we reverse and remand for appointment of counsel and for a restitution hearing limited to the consideration of appellant's ability to pay.

**FACTS**

Appellant Jolonda Rae Roberts pleaded guilty to and was convicted of second-degree arson in violation of Minn. Stat. § 609.562 (2010) (intentionally damaging any building by fire, regardless of value). On January 20, 2012, the district court stayed imposition of sentence and placed appellant on probation for ten years on several conditions, including that she serve 60 days in jail and pay restitution in an amount to be determined. According to the sentencing hearing transcript, the victim, Coon Rapids Leased Housing Associates Inc. (Associates) initially requested $164,145.64 in restitution that had not been paid by insurance. This restitution claim also indicated that the insurance company had paid $53,707.93 on the claim. Defense counsel and the prosecuting attorney had "been speaking about [restitution]," but the prosecuting attorney was in a trial and was unavailable to continue these discussions. Although the parties suspected that the total claimed amount of restitution would exceed $200,000, the record reflects that the exact amount of restitution was not known because it was unclear if the insurance company would be seeking reimbursement. Defense counsel also stated that

2

"[o]bviously, part of restitution has to be based on her ability to pay. We're going to need to see some actual evidence of what happened and how much damage was done." The district court acknowledged that it would be difficult for appellant to pay over $200,000 of restitution in ten years and left restitution open for 60 days.

On March 19, 2012, Associates made a restitution request for a total loss of $233,160.60, which is somewhat higher than the initially reported loss. The record does not reflect that these requests were forwarded to court administration, to appellant's counsel at the time, or to appellant when they were submitted to the county attorney's office in March 2012.

On April 30, 2013, more than a year after the sentencing hearing, the victim witness supervisor from the county attorney's office sent a memorandum to the district court requesting that the district court sign restitution orders. The memorandum states that restitution was determined on March 19, 2012, within the 60-day time frame the district court left open at sentencing, and that a copy of the memorandum was sent to the public defender representing appellant at the time appellant pleaded guilty. But, the memorandum was not directly sent to appellant. The district court signed the proposed restitution orders on May 2, 2013.

After the state sought to vacate the stay of imposition due to unpaid restitution, appellant requested information regarding restitution. On February 12, 2014, appellant filed a pro se motion requesting that the district court hold a restitution hearing. The district court held a hearing on appellant's motion on March 6, 2014. Appellant, who was pro se at the hearing, stated that she did not receive notice that restitution had been

ordered because the restitution request was sent to the public defender who "was no longer working on [her] case." The district court took the matter under advisement to consider whether restitution could be re-opened. On March 18, 2014, the district court issued an order denying appellant's motion on the grounds that the district court did not have jurisdiction to reopen restitution and hold a contested restitution hearing. This appeal followed.

### D E C I S I O N

Appellant challenges the restitution orders on several grounds. Because her appeal is taken from an order denying a motion to reopen restitution during the period of a stay of imposition, we construe the appeal as taken from an order denying a motion to correct a sentence under Minn. R. Crim. P. 27.03, subd. 9. *See State v. Meredyk*, 754 N.W.2d 596, 601 (Minn. App. 2008). Therefore, we review the district court's order for an abuse of discretion. *See Townsend v. State*, 834 N.W.2d 736, 738 (Minn. 2013) (noting that the standard of review for the denial of a petition for postconviction relief is the same as the standard for reviewing a motion to correct a sentence).

### I.

Appellant argues that the restitution orders violated her due process right to an expectation of finality in her sentence. Although there is a due process right to a "crystallized expectation" of finality in a sentence once the defendant has begun serving it, *see State v. Calmes*, 632 N.W.2d 641, 645 (Minn. 2001), appellant does not cite any cases applying this principle to a restitution order issued after sentencing. While restitution is part of a criminal sentence, the principle of finality that appellant advances

4

refers to the finality of the conviction, which occurs when judgment is entered and the sentence is stayed or imposed. *See State v. Hughes*, 758 N.W.2d 577, 581 (Minn. 2008). The statutes governing restitution expressly permit a defendant to challenge restitution after the sentence has been imposed, which "suggests . . . a distinction between sentence imposition and restitution determinations." *Id.* at 581 n.1; *see* Minn. Stat. § 611A.045, subd. 3(b) (2012). Appellant's due process argument is, therefore, unconvincing.

In addition to her due process argument, appellant argues that the district court lacked legal authority because the restitution orders were issued more than one year after sentencing. By statute, the district court may amend or issue an order of restitution after the sentencing hearing only if the offender is still on probation, sufficient evidence has been submitted, and the true extent of the victim's loss was not known at the time of sentencing. Minn. Stat. § 611A.04, subd. 1(b) (2012). Appellant argues that because restitution was known at the time of sentencing and was left open solely because the prosecuting attorney involved in the case was unavailable, the state failed to meet the requirements of the statute.

Based on our review of the sentencing hearing transcript, it is apparent that restitution was reserved, at least in part, because the true extent of restitution was not known. In fact, the final restitution request was higher than the initial request made at sentencing, and the insurance company ended up paying more than was initially anticipated. And, at the time of the issuance of the district court's restitution orders on May 2, 2013, appellant was still on probation. Because the exact amount of restitution was not known at the time of sentencing, we conclude that, during appellant's probation,

the district court had the legal authority to amend or issue an order of restitution after sentencing. *See id.*

## II.

Appellant's next contention is that the district court erred in awarding restitution without notice to appellant. In the March 18, 2014 order, the district court found that appellant had notice because the county attorney's office sent the restitution request and proposed orders to appellant's public defender on April 30, 2013. *See* Minn. Stat. § 611A.045, subd. 3(b) (providing that notice to the attorney is deemed notice to the offender).[1] But appellant asserts that when the notice was sent—more than one year after her sentencing hearing—she was no longer represented by the public defender. Our review of the record supports appellant's assertion. The district court register of actions shows that appellant had to apply for a public defender each time she appeared in court on a probation violation alleging failure to pay restitution.

But, the inquiry does not end there. The record also shows that appellant had actual notice of the restitution award on June 28, 2013. Appellant's affidavit in support of her restitution challenge acknowledges that court administration informed her on that date that restitution had been ordered. Although she obtained copies of the restitution orders at that time, appellant did not file her motion requesting a restitution hearing until February 12, 2014, almost eight months later.

---

[1] We note that the 2014 version of the statute now requires actual notice to the offender. Minn. Stat. § 611A.045, subd. 3(b) (2014).

6

A defendant's right to challenge restitution is statutory. A restitution challenge must be made within 30 days of receiving written notification of the amount of restitution requested if notice is given after sentencing. *See id.* "A defendant may not challenge restitution after the 30-day time period has passed." *Id.* Therefore, the date a defendant receives notice of restitution is essential to deciding if a restitution challenge is timely. Because appellant waited until February 12, 2014, to file her motion seeking to challenge restitution, appellant's motion to challenge restitution is untimely.

Despite the untimeliness, appellant argues that "it was erroneous for the district court to find that [appellant's] request for an evidentiary hearing was untimely, given that it failed to appoint counsel for [appellant] at this crucial stage of sentencing." While it is true that there is a right to counsel at a contested restitution hearing, *see State v. Maddox*, 825 N.W.2d 140, 146 (Minn. App. 2013), appellant cites no authority that extends this right to the district court's issuance of an order awarding restitution.

Appellant relies on *Maddox* to support her claim. But that case is distinguishable. In *Maddox*, the district court issued three restitution orders four months after the sentencing hearing and after the time for filing a direct appeal from the sentence. *Id*. at 143. Maddox timely filed a restitution challenge within 30 days as required by statute. *Id*. The district court held a restitution hearing, but Maddox did not have counsel and did not waive his right to counsel. *Id*. We "conclude[d] that the restitution hearing was not meaningful because Maddox did not have the benefit of assistance of counsel at the hearing" and reversed and remanded to give Maddox an opportunity to challenge restitution with the benefit of counsel. *Id.* at 145, 147–48.

Contrary to appellant's argument, *Maddox* does not require the district court to appoint counsel before issuing a restitution *order*. *Maddox* only requires appointment of counsel for a restitution *hearing*. Because appellant's challenge to restitution was untimely, she did not have a right to a restitution hearing under the statute. Had she filed a timely restitution challenge, the district court would have been required to appoint counsel to represent her at a restitution hearing. We are unpersuaded that the district court abused its discretion in failing to appoint counsel before ordering restitution.

**III.**

Appellant next challenges the district court's authority to issue an order awarding restitution without considering her ability to pay such award within her probationary period. As previously discussed, there is no statutory authority permitting the district court to hold a restitution hearing on an untimely request by appellant under Minn. Stat. § 611A.045, subd. 3(b). But, the supreme court has held that a restitution challenge to the district court's legal authority to award restitution, not to the amount or type of restitution, is not subject to the 30-day time limit. *State v. Gaiovnik*, 794 N.W.2d 643, 647, 649 (Minn. 2011). In that case, the supreme court reasoned that requiring a defendant to comply with the 30-day time limit conflicts with Minn. R. Crim. P. 27.03, which permits a defendant to raise other sentencing issues at the sentencing hearing and have those issues reviewed in a direct appeal from the judgment of conviction. *Id.* at 648. A defendant may, therefore, preserve a challenge to the district court's legal authority to award restitution by raising the issue at sentencing without submitting a written challenge within 30 days. *Id.* at 649.

8

The restitution statute includes mandatory language that the court "shall consider" a defendant's "income, resources, and obligations" before ordering restitution. Minn. Stat. § 611A.045, subd. 1(a)(2) (2012). Here, the district court signed the proposed restitution order on May 2, 2013, only a few days after the submission of the victim supervisor's April 30, 2013 memorandum. There is no evidence in the restitution orders or in the record that the district court ever considered appellant's ability to pay restitution, although both appellant's counsel and the district court had acknowledged at the sentencing hearing that her ability to pay was an issue. Based upon this record, the district court, by failing to consider appellant's ability to pay a relatively large amount of restitution in excess of $200,000.00, abused its discretion. *See State v. Miller*, 842 N.W.2d 474, 479 (Minn. 2014), *review denied* (Minn. Apr. 15, 2014) (reversing the restitution order and remanding where the district court never discussed or mentioned Miller's ability to pay restitution and gave him only 90 days to pay $12,250 when it had previously agreed to give him one year).

**IV.**

Finally, appellant contends that counsel should have been appointed to represent her at the March 6, 2014 hearing on her motion. Because there is a state constitutional right to counsel in postconviction proceedings, *see Deegan v. State*, 711 N.W.2d 89, 98, (Minn. 2006), appellant asserts that the district court should have forwarded her pro se motion to the Office of the Appellate Public Defender, as required by Minn. Stat. § 590.02, subd. 1(4) (2012).

9

We conclude that appellant had a right to the assistance of counsel on her motion. We have already construed appellant's February 12, 2014 motion as filed under Minn. R. Crim. P. 27.03, subd. 9, which permits district courts to consider motions challenging restitution orders that are unauthorized by law. *See Meredyk*, 754 N.W.2d at 601. A pro se motion to correct a sentence under rule 27.03, subdivision 9, is treated as a postconviction petition, triggering the requirement that the district court recognize a right to counsel. *See Bonga v. State*, 765 N.W.2d 639, 642–43 (Minn. 2009) (citing cases interpreting the postconviction statute as broad enough to encompass a rule 27.03 motion). Therefore, the district court abused its discretion in denying appellant's motion without appointing counsel. *Id.* at 643 (holding that the denial of counsel on a rule 27.03 motion requires reversal and remand).

Under the unique facts of this case, the district court abused its discretion in denying appellant's motion. We reverse and remand for a restitution hearing limited to considering whether appellant has the ability to pay restitution of $233,160.60 and, if not, whether restitution should be modified accordingly. Appellant shall be afforded the assistance of counsel at this hearing.

**Reversed and remanded.**