*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1056**

State of Minnesota,
Respondent,

vs.

Brian Robert Winsor,
Appellant.

**Filed April 25, 2016
Reversed and remanded
Worke, Judge**

Hennepin County District Court
File No. 27-CR-14-21859

Lori M. Swanson, Attorney General, St. Paul, Minnesota; and

Michael J. Colich, St. Louis Park, City Attorney, Samuel H. Colich, Assistant City Attorney, Colich & Associates, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**WORKE**, Judge

        Appellant challenges his convictions of stalking and violation of an order for protection, arguing that the district court erred by failing to advise him of his right to

counsel and by failing to obtain a valid waiver of his right to counsel. We reverse and remand.

## FACTS

This appeal arises from Brian Winsor's convictions of violating an order for protection and stalking based on his contact with M.F. in January and February of 2014. *See* Minn. Stat. §§ 518B.01, subd. 14(c) (Supp. 2013), 609.749, subd. 2(4) (2012). The relevant facts are as follows.

The state charged Winsor with stalking and violation of an order for protection on July 29, 2014, and the district court set his first appearance on the charges for August 20, 2014. At the August 20, 2014 hearing, the district court addressed four of Winsor's pending criminal matters; one of the pending matters was before the court for a settlement conference and the other three were before the court for Winsor's first appearance. The district court first discussed the state's plea offer in case number 27-CR-13-36900, then it set that matter for trial. The district court next held Winsor's first appearance on the remaining three matters, including the instant case, 27-CR-14-21859. The August 20, 2014 transcript contains no mention by the district court of Winsor's pro se status nor of his right to counsel as it pertained to the instant case.[1]

When Winsor returned on December 8, 2014, for a hearing on the instant case, the district court asked him whether he was pro se, and Winsor responded that he was. No

---

[1] In its brief, the state refers to Winsor's waiver of counsel in 27-CR-13-36900. This case was addressed at the August 20 hearing, but because any documentation of Winsor's waiver of counsel in 27-CR-13-36900 is outside the record of this case on appeal, we may not consider it within our analysis. *See* Minn. R. Civ. App. P. 110.01.

2

reference to Winsor's right to counsel appears in the transcript of the December 2014 hearing.

The district court held a trial on the instant charges in March 2015. Although the district court noted that Winsor appeared pro se and advised him as to the benefits of a bench trial for a pro se party, it did not advise him of his right to counsel nor obtain a waiver of that right on the record. Winsor opted for a jury trial, and the jury convicted him of both charges. This appeal follows.

## D E C I S I O N

Winsor argues that he is entitled to a new trial because the district court failed to advise him of the right to counsel and failed to obtain a waiver of his right to counsel. We agree.

Criminal defendants are guaranteed the right to counsel. U.S. Const. amend. VI; Minn. Const. art. 1, § 6. "If a defendant charged with a felony, gross misdemeanor, or misdemeanor punishable by incarceration appears without counsel, the [district] court must advise the defendant of the right to counsel, and that the [district] court will appoint the district public defender if the defendant has been determined [eligible]." Minn. R. Crim. P. 5.04, subd. 1 (1). "The [district] court must also advise the defendant that the defendant has the right to request counsel at any stage of the proceedings." *Id.*

A defendant may relinquish the right by "(1) waiver, (2) waiver by conduct, [or] (3) forfeiture." *State v. Jones*, 772 N.W.2d 496, 504 (Minn. 2009). A defendant's waiver of the right to counsel must be made knowingly, intelligently, and voluntarily. *Id.* "[T]o ensure a knowing, intelligent, and voluntary waiver-of-counsel, district courts should

3

comprehensively examine the defendant regarding the defendant's comprehension of the charges, the possible punishments, mitigating circumstances, and any other facts relevant to the defendant's understanding of the consequences of the waiver." *State v. Rhoads*, 813 N.W.2d 880, 885–86 (Minn. 2012) (quotations omitted).

When a defendant waives his right to counsel, the district court has a statutory duty to obtain a written waiver or an oral waiver on the record. Minn. Stat. § 611.19 (2014); *see also* Minn. R. Crim. P. 5.04, subd. 1(3) ("Defendants charged with a misdemeanor or gross misdemeanor punishable by incarceration who appear without counsel, do not request counsel, and wish to represent themselves, must waive counsel *in writing or on the record*." (emphasis added)). The denial of the right to counsel "is a structural error," *Bonga v. State*, 765 N.W.2d 639, 643 (Minn. 2009), that "does not require a showing of prejudice to obtain reversal." *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997).

Here, Winsor represented himself at each proceeding in the course of the case. Despite his repeated acknowledgements to the district court that he was appearing pro se, the record contains no written or oral waiver of counsel. Moreover, the transcripts from each proceeding show that the district court did not advise Winsor of his right to counsel and did not obtain his waiver of the right. The record additionally shows that Winsor did not receive the benefit of counsel before proceeding pro se.

Although the state argues that Winsor's valid waiver from 27-CR-13-36900, an earlier case addressed at the August 20, 2014 hearing, fulfills the pertinent procedural requirements in this case, we cannot accept its argument. *Cf. Rhoads*, 813 N.W.2d at 889–

90 (noting need for knowing and intelligent renewed waiver of counsel following amendment to complaint).

We acknowledge that Winsor's conduct demonstrates a sophisticated understanding of the criminal legal system. Minnesota precedent provides, however, that "when the absence of a record of a defendant's waiver of counsel renders it impossible to determine upon appellate review whether a waiver was knowing and intelligent," a defendant is entitled to a new trial. *State v. Maddox*, 825 N.W.2d 140, 147 (Minn. App. 2013) (quotations omitted). Because the absence of a record of Winsor's waiver of the right to counsel prevents us from determining whether the waiver was valid and the district court did not advise Winsor of his right to counsel, we must conclude that Winsor is entitled to a new trial. Given our conclusion, we do not reach Winsor's remaining arguments.

**Reversed and remanded.**