*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2057**

State of Minnesota,
Respondent,

vs.

David John Young,
Appellant.

**Filed December 19, 2016
Reversed and remanded
Ross, Judge**

Polk County District Court
File Nos. 60-CR-15-1014, 60-CR-15-1342

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gregory A. Widseth, Polk County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, John C. Donovan, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Cleary, Chief Judge; Worke, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

David Young made a series of unauthorized purchases using another person's credit
card. He was arrested, charged, and pleaded guilty to financial transaction card fraud. He
was furloughed from jail but failed to return, was arrested, and was charged with felony
escape from custody. He later waived his right to counsel and discharged his attorney,

pleaded guilty to felony escape from custody, and was sentenced in both cases. The district court had failed, however, to verify the validity of Young's right-to-counsel waiver, as required by rule. And nothing in the record allows us to treat the failure as a mere harmless error because the circumstances prevent us from presuming that Young was advised by counsel of the risks of proceeding without an attorney. We therefore reverse Young's sentence for financial transaction card fraud and reverse his conviction for escape from custody, remanding both cases to the district court for further proceedings.

## FACTS

David Young used another person's credit card without permission in June 2015 to make a series of purchases. The state charged Young with one count of felony third-degree burglary and one count of felony financial transaction card fraud. Young pleaded guilty to one count of financial transaction card fraud and the state dismissed the third-degree burglary charge.

The district court afforded Young a one-day furlough to appear at a separate court proceeding and informed Young that if he failed to appear for his sentencing hearing he would be committing a new felony. Young did not return from furlough. The state charged him with escape from custody, and police later arrested him. Young made his first appearance on the escape charge, accompanied by legal counsel.

Young appeared with his attorney on both cases in September 2015. But he then informed the district court that he wanted to discharge his attorney. The district court warned Young that he would not be entitled to the services of the Public Defender's Office if he discharged his attorney and that, instead, he would be left to represent himself or hire

2

private counsel. The district court then discharged Young's attorney. Afterward, it asked Young if he wanted to represent himself or to seek private counsel. Young answered, "No, I'll just represent myself." The district court replied, "Okay." The district court inquired no further about Young's decision to waive his right to legal representation.

Young appeared before a different judge for a pretrial hearing. He initially rejected a plea deal offered by the state, but he eventually decided to accept it. Under the deal, he would plead guilty to felony escape from custody for a top-of-the-box prison sentence of 22 months to run concurrently with any other sentence. In exchange for his plea, the state would forego asking the district court to find that Young violated the plea agreement in the card-fraud case. Young pleaded guilty to felony escape from custody.

Young appeared for sentencing in both cases. He indicated that he wanted his card-fraud sentence to be executed rather than stayed. The district court sentenced Young to 17 months in prison for financial transaction card fraud and 22 months for escape from custody, with the sentences to be served concurrently.

Young appeals.

### DECISION

Young argues that his conviction for escape from custody and his sentence for financial transaction card fraud—both of which occurred while he was unrepresented by counsel—must be reversed because his waiver of his right to legal representation was invalid. He points out that the district court failed to advise him of his rights before it accepted his purported waiver. He does not challenge his conviction for financial

3

transaction card fraud, which rests on a guilty plea that he entered while he was still being represented by counsel.

The district court did not expressly find that Young had waived his right to counsel, but the finding is implied because the district court allowed Young to proceed pro se. The state has filed no brief or other material response either defending the district court's waiver process or defending the now challenged conviction and sentences. Despite the state's failure to contest the appeal, we decide the appeal on its merits, looking to the record. *See* Minn. R. Civ. App. P. 142.03.

We review a district court's finding that a defendant knowingly, intelligently, and voluntarily waived his right to counsel for clear error. *State v. Worthy*, 583 N.W.2d 270, 276 (Minn. 1998). Whether a waiver of a constitutional right was valid depends on the facts and circumstances of the case, including the background, experience, and conduct of the accused. *Id.* at 275–76. A finding is clearly erroneous if we are left with the definite and firm conviction that a mistake occurred or when there is no reasonable evidence supporting the finding. *State v. Evans*, 756 N.W.2d 854, 870 (Minn. 2008).

The United States and Minnesota Constitutions guarantee criminal defendants the right to counsel. U.S. Const. amend. VI; Minn. Const. art. I, § 6. A defendant's right to counsel applies to all critical stages of proceedings, including sentencing. *See State v. Maddox*, 825 N.W.2d 140, 144 (Minn. App. 2013) (citing *State v. Krause*, 817 N.W.2d 136, 144 n.6 (Minn. 2012)); *Gardner v. Florida*, 430 U.S. 349, 358, 97 S. Ct. 1197, 1205 (1977). A defendant may waive his right to counsel if his waiver is competent and intelligent. *Worthy*, 583 N.W.2d at 275. Before accepting a defendant's waiver of his right

4

to counsel, the district court must satisfy itself that the waiver is knowing and voluntary. *State v. Camacho*, 561 N.W.2d 160, 171 (Minn. 1997). To determine whether the waiver is valid, district courts should test whether the defendant comprehends the charges, the possible punishments, mitigating circumstances, and other facts relevant to the consequences of his waiver. *State v. Rhoads*, 813 N.W.2d 880, 885–86 (Minn. 2012).

This duty is reflected in Minnesota Rule of Criminal Procedure 5.04, subdivision 1(4), which requires an unrepresented defendant charged with a felony to complete a voluntary and intelligent written waiver of his right to counsel. The rule provides that if a defendant refuses to sign a written waiver, his oral waiver must be made on the record. Minn. R. Crim. P. 5.04, subd. 1(4); *see also* Minn. Stat. § 611.19 (2014) (requiring a defendant's waiver of counsel to be made in writing or on the record). And before the district court may accept a waiver, it must first advise the defendant of the nature of his charges, specify the offenses included in the charges, disclose the range of possible punishment, explain that there may be defenses or mitigating circumstances, and declare "other facts essential to a broad understanding of the consequences of the waiver of the right to counsel." Minn. R. Crim. P. 5.04, subd. 1(4)(a)–(f).

Young contends that the district court failed to advise him of the nature of the charges and possible punishments, including the fact that his escape-from-custody charge could result in a sentence to run consecutively to his card-fraud charge. He asserts that the district court did not advise him about defenses or mitigating circumstances. He maintains also that it did not advise him of other facts essential to an understanding of the consequences of the waiver, including the fact that the new charge may impact his card-

5

fraud plea agreement. He emphasizes that the district court replied to his proposal to suspend all legal representation by saying, merely, "Okay," and proceeding on.

Young is correct in that the district court failed to properly examine and advise him about his decision to discharge his attorney and proceed alone. The record does not indicate that the district court received a written waiver from Young, and the on-the-record exchange does not reflect any of the elements necessary to meet rule 5.04. We have no difficulty concluding that the district court failed to properly elicit a satisfactory on-the-record waiver of Young's right to legal representation.

The more difficult question is whether to affirm despite this failure. Even if a district court fails to inquire about a defendant's waiver on the record, we need not reverse if the facts and circumstances demonstrate that a valid waiver occurred anyway. *Rhoads*, 813 N.W.2d at 886. Courts have deemed waivers to be valid in a number of cases despite the lack of a complete on-the-record inquiry. *See, e.g.*, *State v. Krejci*, 458 N.W.2d 407 (Minn. 1990); *State v. Worthy*, 583 N.W.2d 270 (Minn. 1998).

Young asks us to distinguish his case from those in which a formally infirm waiver did not result in reversal. His argument has considerable merit.

In *Krejci*, the supreme court held that the defendant validly waived his right to counsel because the record showed that he understood the consequences of proceeding without representation. 458 N.W.2d at 413–14. The *Krejci* court relied on the defendant's extensive correspondence with judges, his conversations with public defenders, and the fact that he was an "articulate, intelligent man who understood the legal system and what was at stake" in his decision. *Id.* at 412–13. On top of that, the record also showed that

Krejci had been advised of the nature of his charges, the possible punishment, and options available to him during the proceedings. *Id.* at 413. And the court appointed standby counsel to assist Krejci if necessary. *Id.* Young's circumstances do not resemble those considered in *Krejci*.

In *Worthy*, two defendants discharged their attorneys on the morning of their trial. 583 N.W.2d at 274. The supreme court did not reverse the convictions, determining from the record that the defendants were "fully aware of the consequences" of firing their attorneys. *Id.* at 276. The defendants also had been fully engaged with competent legal representation for more than a month up until their trial date. *Id.* Young's circumstances are distinguishable from those considered in *Worthy*.

We agree with Young that, unlike in *Krejci* and *Worthy*, the record does not imply that Young understood the consequences of his decision to proceed without counsel. It is true that, "[w]hen a defendant has consulted with an attorney prior to waiver, a trial court could reasonably presume that the benefits of legal assistance and the risks of proceeding without it had been described to [the] defendant in detail by counsel." *Id.* (quotation omitted). It is also true that Young had been represented at each of his first appearances and that he waived the readings and explanations each time. But the circumstances here do not invite the presumption.

The record informs us of an important circumstance weighing against reversing, which is that Young was represented by counsel through his guilty plea on the card-fraud charge. But Young's attorney made only one appearance on the escape charge before Young discharged him. And although Young's attorney did appear a second time to

communicate to the district court his understanding that Young no longer wanted to have the public defender's office represent him, he never suggested that he had any discussions with Young about whether Young would seek other counsel or about the risks he faced by going on alone. This is also not a case in which the defendant apparently has a sophisticated understanding of the legal system, and Young faced the somewhat complicated circumstance of having two cases that were interrelated for the purposes of plea-agreements and sentencing.

Young convincingly argues that his case is similar to *State v. Garibaldi*, 726 N.W.2d 823 (Minn. App. 2007). In *Garibaldi*, we reversed a conviction and remanded the case for further proceedings because the record did not support a determination that the appellant's waiver of counsel was valid. 726 N.W.2d at 831. We observed that the district court failed to conduct an adequate on-the-record examination of Garibaldi's waiver, that the record suggested that Garibaldi lacked a sufficient opportunity to consult with counsel about representing himself, and that the district court had not offered standby counsel. *Id.*

On balance, we cannot presume from the circumstances that Young's counsel ever advised him so as to cover the district court's failure to follow the mandatory formalities of rule 5.04. The record just does not indicate that Young's counsel advised him of the risks of proceeding unrepresented on his escape-from-custody charge and his sentencing on both matters. For these reasons, we reverse and remand Young's sentence for financial transaction card fraud for resentencing. And we reverse and remand for further proceedings Young's conviction for escape from custody.

**Reversed and remanded.**